Lisa Boyd
807 Kansas Ave.
Walsenburg, CO 81089
(785) 259-9328
lisa.r.boyd@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Lisa Boyd, | ) | Case No. |
|         Plaintiff | ) | |
| | ) | 16-4106-SAC-KGS |
| V. | ) | |
| | ) | |
| | ) | |
| City of Victoria, Kansas | ) | |
| Ellis County, Kansas | ) | |
| Mary Pfeifer, | ) | |
| Cole Dinkel, | ) | |
| Wilmer Dinkel, | ) | |
| Ryan Mauch, | ) | |
| Curtis Unrein, | ) | |
| Sheriff Ed Harbin, and | ) | |
| Unknown Ellis County, Kansas employee, | ) | |
| | ) | |
|         Defendants | ) | |

RESPONSE TO ELLIS COUNTY DEFENDANTS MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff and for her Response to Motion for Summary Judgment and Memorandum in Support states as follows:

RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS

1. Uncontroverted.

2. Uncontroverted.

3. Uncontroverted.

4. Controverted. Plaintiff was in DUI Testing room at Sheriff's office prior to being transported to the Hays Medical Center Emergency Room.

5. Controverted. Statement is incomplete. Plaintiff also received prescriptions from the

Emergency room for pains medication, antibiotic, and blood pressure meds which were never filled by the jail or any other Ellis county personnell.

6. Controverted. Plaintiff was not given an opportunity to advise jail staff of medical conditions. The document purporting to be filled out by the Plaintiff was not filled out by the Plainiff and the signature is a forgery.

7. Controverted. The document purporting to be filled out by the Plaintiff was not filled out by the Plainiff and the signature is a forgery.

8. Uncontroverted.

9. Uncontroverted.

10. Controverted. Among other problems there was inadequate space for two persons to sleep up off the floor and out of the path of foot traffic from the bunk to the toilet.

11. Controverted. Voiced requests for jail staff to talk to the Plaintiff were ignored throughout the night. Only when Plaintiff's cell mate called for help was Plaintiff able to attract the Jailer's attention.

12. Controverted. Plaintiff discussed her issues of the previous night with the female jail attendant who acccompanied Plaintiff to First Care Clinic.

13. Uncontroverted.

14. Uncontroverted. Plaintiff has limited if any recollection at present of the incident, but acknowledges that it is something that could have happened.

15. Uncontroverted. Plaintiff has limited if any recollection at present of the incident, but acknowledges that it is something that could have happened.

16. Uncontroverted. Plaintiff has limited if any recollection at present of the incident, but acknowledges that it is something that could have happened.

15-2. Controverted. Plaintiff had made a previous appointment. Chief Dinkel told Plaintiff that he had advised Jail personnell of the appointment for the following morning.

16-2.  Uncontroverted.

17. Uncontroverted.

18. Uncontroverted.

19. Uncontroverted.

20. Controverted.  **Plaintiff cannot present facts essential to justify her opposition absent adequate time to obtain affidavits or take discovery and so states pursuant to Rule FRCP 56(d).**

21.  Controverted.  **Plaintiff cannot present facts essential to justify her opposition absent adequate time to obtain affidavits or take discovery and so states pursuant to Rule FRCP 56(d).**

22.  Uncontroverted.

23.  Uncontroverted.

24.  Uncontroverted.

25.  Controverted .   Defendant has presented no evidence that the failure was due "mechanical" problems.

26. Controverted .   Defendant has presented no evidence that the failure was due "mechanical" problems.

27. Uncontroverted.

28. Uncontroverted.

29.  Controverted.  **(Plaintiff's Affidavit – Exhibit A)** Plaintiff may have expressed a suspicion but does not recall stating it as a fact.

30.  Controverted.  **(Plaintiff's Affidavit – Exhibit A)** Kohl refused to offer any actual explanation to the Plaintiff other than stating the the Sheriff's office would never do such a thing.

31.  Uncontroverted.

32.   Uncontroverted.  **(Plaintiff's Affidavit – Exhibit A)**

33.  Uncontroverted.

34.   Uncontroverted.

35.  Uncontroverted.

. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Spaulding v. United Transp. Union, 279 F.3d 901, 904 (10th Cir. 2002). A fact is "material" if it is "essential to the proper disposition of the claim". Wright ex rel. Trust Co. v. Abbott Labs, Inc., 259 F.3d 1226, 1231-32 (10th Cir. 2001). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way". Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Spaulding, 279 F.3d at 904. Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Id.

IV.  ARGUMENT

The evidence that Plaintiff alleges was destroyed by one or more defendants would have proven that Defendant Chief Dinkel lied repeatedly about Plaintiff's requests for medical treatment. The probable cause claimed to be present by Chief Dinkel to proceed with the investigation was based on his credibility. If the evidence of Chief Dinkel's lack of credibility had been available to Plaintiff, Plaintiff would not have taken a diversion.

The Ellis County attorney's office spent several hours reformatting or altering a CD of the DUI arrest because it was unviewable in the state that it was delivered to the Plainitff by the Victoria Police Department. Plaintiff did not allege that The Ellis County Attorney's office had anything to do with the

failure of the DUI video machine at the Ellis County sheriffs office.

Plainitff was denied the right to consult with counsel for the time period from the taking of the first breathalyzer test, until after the trip to the Emergency Room and return to the Sheriff's office, a period of approximatly three hours. During that time, Plaintiff's attorney retired for the evening, and due to the delay in providing Plainiff access to an attorney, Plaintiff was unable to contact her attorney for another 12 hours. Plaintiff suffered damages during that time period due to her inability to bond out prior to being jailed for the night.

The routine procedures regarding medical care in June of 2014 were inadequate. The jail did not inquire as to discharge orders from the Plaintiff's Emergency Room visit just prior to booking. The jail did not fill prescritions which were issued to the Plaintiff at that Emergency Room visit. The Emergency Room Doctor ordered an oral pain medication which the Plaintiff was in need of , and Plaintiff suffered needless pain as a result. A routine disregard of discharge orders and the routine delay in providing prescribed medications indicates a deliberate indifference to the medical needs of prisoners. The failure to respond to verbal calls from prisoners for assistance from jailers also indicates an indifference to the medical needs of prisoners.

Plaintiff was not taken to an "urgent care center" as a result of complaints about toothache. That visit was a due to a previously made appointment for treatment of the impacted tooth.

Plaintiff would have complained to jail staff about her urination problems, as well as no place to sleep, and and an agitated cellmate, but Plaintiff was unable to verbally summon the jailers for help. Jailers did not respond to several calls for assistance. As stated previously, the intake form is a forgery.

The jail cell was so small that one inmate would have to step over the other, sleeping on the floor, to get to the toilet.

Plaintiff was unable to notify jailers as to her cellmates violent behavior because the jailers would not respond to Plaintiff's calls for help.

The County Defendants acted in concert to deprive Plaintiff of her civil rights. That makes it a

conspiracy.

CONCLUSION

As justified hereinabove, Lisa Boyd requests that the Court deny the motion for summary judgment filed by the County Defendants herein.

Respectfully submitted,

__/s/ Lisa Boyd_____

Lisa Boyd
Plaintiff Pro Se
807 Kansas Ave.
Walsenburg, CO  81089
(785) 259-9328
lisa.r.boyd@gmail.com

CERTIFICATE OF SERVICE

This will certify that the above and foregoing response to Defendant's Motion for Summary Judgment was emailed to the Clerk of the District Court, to County Defendants' Counsel Jared Hiatt at jthiatt@cml-law.com and to City Defendants' Counsel Allen Glendenning at aglenden@wcrf.com

s/ Lisa Boyd
_____

Lisa Boyd
807 Kansas Ave.
Walsenburg, CO 81089
(785) 259-9328
lisa.r.boyd@gmail.com

PLAINTIFF'S AFFIDAVIT IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT

I, Lisa Boyd, Plaintiff herein, hereby swear or affirm under penalty of perjury that Plaintiff personally drafted the foregoing Response in it's entirety, and the statements of fact made by Plaintiff in her Response to the City's Motion for Summary Judgment herein are true and correct. (28 U.S.C. § 1746; 18 U.S.C.§ 1621.)

Signed: ___/s/ Lisa Boyd_____

Exhibit "A"